IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

KEVIN HALE,                          )
                                     )
            Plaintiff,               )
                                     )
v.                                   )     Case No. CIV-10-1377-L
                                     )
MICHAEL J. ASTRUE,                   )
Commissioner of Social               )
Security Administration,             )
                                     )
            Defendant.               )

## REPORT AND RECOMMENDATION

On March 28, 2006, Mr. Kevin Hale applied for insurance benefits and supplemental security income based on an alleged disability. Administrative Record at pp. 245-49 (certified July 7, 2011) ("Record").[1] The administrative law judge denied the applications,[2] and the Appeals Council remanded the matter. *Id.* at pp. 135-37. On remand the agency again denied the applications,[3] prompting Mr. Hale to initiate the present action. The Court should reverse the administrative decision and remand for an award of benefits.

---

[1]    The record did not include the application for supplemental security income.

[2]    Record at pp. 116-17, 119-20, 124-31.

[3]    Record at pp. 1-3, 12-20.

I.      STANDARD OF REVIEW

Reversal is necessary if the agency failed "'to provide this court with a sufficient basis to determine that appropriate legal principles [had] been followed.'" *Byron v. Heckler*, 742 F.2d 1232, 1235 (10th Cir. 1984) (*per curiam*; citations omitted).

II.     THE PROCEDURAL BACKGROUND

In March 2009, a treating psychiatrist — Dr. Alzira Vaidya — assessed the Plaintiff's mental condition.  Record at pp. 537-40.  Shortly thereafter, the administrative law judge found no disability and regarded his assessment to be supported by Dr. Vaidya's opinions. *Id.* at p. 130 ("In sum, the above residual functional capacity assessment is supported by . . . Dr. Vaidya's Mental Residual Functional Capacity Assessment." (citation omitted)).

Following the first administrative decision, the Plaintiff sought relief with the Appeals Council.  *Id.* at p. 59.  The Appeals Council vacated the administrative decision and remanded for further findings.  *Id.* at pp. 135-37.  In doing so, the Appeals Council noted that the decision did not accurately reflect consideration of Dr. Vaidya's opinions.  *Id.* at p. 135. The Appeals Council stated:

> [T]he decision refers to Dr. Vaidya's opinion that the claimant could only carry out simple tasks, and refers to the residual functional capacity conclusion as being supported by Dr. Vaidya's assessment.  In fact, however, the finding as to the claimant's residual functional capacity did not contain any restriction to simple tasks, or to Dr. Vaidya's other opinions which included difficulty coping with stress or dealing with supervisors.  Further clarification and consideration of the claimant's maximum mental residual functional capacity on a function by function basis is required.

*Id.* (citation omitted).  On remand, the Appeals Council ordered the administrative law judge to "evaluate the treating source opinion pursuant to the provisions of 20 CFR 404.1527 and 416.927 and Social Security Rulings 96-2p and 96-5p, and explain the weight given to such opinion evidence."  *Id.* at p. 136 (citation omitted).

Following the remand Dr. Vaidya reassessed Mr. Hale's mental condition, the administrative law judge again found no disability, and he again appeared to believe that his assessment had resembled Dr. Vaidya's.  *Id.* at pp, 13, 15-20.  For example, the judge said he was giving "[g]reat weight" to Dr. Vaidya's two assessments and never expressed any disagreement with them.  *Id.* at pp. 15, 17-20.  The Appeals Council declined review,[4] and the present action followed.

III.   FAILURE TO ADEQUATELY EXPLAIN THE OMISSION OF DR. VAIDYA'S OPINIONS

As Mr. Hale alleges, the administrative law judge erred in the evaluation of opinions by Dr. Vaidya.

A.     Dr. Vaidya's Opinions

As noted above, Dr. Vaidya completed two assessments.  *See id.* at pp. 537-40, 549-52.  The first one was completed in early 2009.  *Id.* at pp. 537-40.  There Dr. Vaidya opined that the Plaintiff had "moderate" limitations in his ability to:

- "remember locations and work-like procedures,"
- "understand and remember detailed instructions,"
- "carry out detailed instructions,"

---

[4]     Record at pp. 1-4.

- "maintain attention and concentration for extended periods,"

- "perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances,"

- "sustain an ordinary routine without special supervision,"

- "work in coordination with or proximity to others without being distracted by them,"

- "complete a normal work-day and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods,"

- "interact appropriately with the general public,"

- "accept instructions and respond appropriately to criticism from supervisors" or "changes in the work setting,"

- "get along with coworkers or peers without distracting them or exhibiting behavior extremes,"

- "travel in unfamiliar places or use public transportation," and

- "set realistic goals or make plans independently of others."

*Id.* at pp. 537-38.  Dr. Vaidya also stated that Mr. Hale could independently carry out simple tasks, but would have difficulty:

- coping with stress,

- dealing with work pressure,

- working with people, and

- receiving criticism from supervisors.

*Id.* at pp. 539-40.

4

The second assessment reflected some of the same opinions.  *Id.* at pp. 549-52.  But in the second evaluation, Dr. Vaidya added that Mr. Hale had:

- moderate limitation in the ability to "ask simple questions or request assistance,"

- "marked" limitation in the ability to "perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances," and

- difficulty in coping with stress and interacting with coworkers.

*Id.*

B.      The Judge's Error Following the Remand

The administrative law judge failed to properly evaluate either assessment following the remand.

Error in the Failure to Comply with Instructions from the Appeals Council Regarding Dr. Vaidya's 2009 Opinion

To properly evaluate Dr. Vaidya's assessments, the judge had to comply with instructions given by the Appeals Council.  *See* 20 C.F.R. §§ 404.977(b), 416.1477(b) (2010) ("The administrative law judge shall take any action that is ordered by the Appeals Council . . . .").[5]  The judge failed to do so with respect to Dr. Vaidya's 2009 report.

---

[5]      Courts are divided over the necessity of reversal when an administrative law judge fails to comply with the Appeals Council's directions on remand. *Compare Wilkins v. Barnhart*, 69 Fed. Appx. 775, 779 (7th Cir. June 20, 2003) (unpublished op.) (stating that the administrative law judge's failure to comply with the Appeals Council's remand directives is immaterial, as the court "is simply to decide whether the [administrative law judge] applied the correct legal standards and reached a decision that is supported by substantial evidence" (citations omitted)), *with Mann v. Chater*, 1997 WL 363592, Westlaw op. at 3 (S.D. N.Y. June 30, 1997) (unpublished op.) (ordering a remand because the administrative law judge had failed to follow the Appeals Council's order).

As discussed above, the Appeals Council noted several deficiencies in the administrative law judge's discussion of Dr. Vaidya's 2009 opinion. *See supra* pp. 2-3. For example, the Appeals Council found that the administrative law judge had not addressed Dr. Vaidya's restrictions, which included difficulty in coping with stress and dealing with supervisors. *See supra* pp. 2-3. Due to the omissions, the Appeals Council ordered the administrative law judge to evaluate Dr. Vaidya's opinion "pursuant to the provisions of 20 CFR 404.1527 and 416.927 and Social Security Rulings 96-2p and 96-5p, and explain the weight given to such opinion evidence." Record at p. 136; *see supra* p. 3.

The starting point is to examine the regulations and administrative rulings cited in the remand order. These provisions required the administrative law judge to evaluate Dr. Vaidya's opinions and determine whether they were entitled to "controlling weight." *See* 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2) (2010). To make this assessment, the judge was required to consider whether the opinions were "well-supported by medically acceptable

---

The Tenth Circuit Court of Appeals has not squarely addressed this issue in a published opinion. In an unpublished opinion, however, the court has reversed in part based on noncompliance with the Appeals Council's remand instructions. *Scott v. Chater*, 70 F.3d 1282, 1995 WL 694084, Westlaw op. at 6 (10th Cir. Nov. 24, 1995) (unpublished op.). This decision is persuasive in light of the administrative law judge's regulatory duty to comply with the Appeals Council's remand order. *See* Tenth Cir. R. 32.1(A); *supra* text accompanying note.

clinical and laboratory diagnostic techniques."[6]   If the opinions were not entitled to

controlling weight, the judge would need to consider:

- the length of the treatment and the frequency of examination,

- the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed,

- the degree to which the opinions were supported by relevant evidence,

- the consistency between the opinions and the record as a whole,

- the possible specialization in the area upon which the opinions were rendered, and

- the existence of other factors brought to the administrative law judge's attention which would tend to support or contradict the opinions.

20 C.F.R. §§ 404.1527(d), 416.927(d) (2010).  Following this evaluation, the judge would

need to "give good reasons . . . for the weight assigned to [the] treating physician's

opinion[s]." *Robinson v. Barnhart*, 366 F.3d 1078, 1082 (10th Cir. 2004).  If the judge were

to completely reject the opinions, he would need to give "specific, legitimate reasons for

doing so." *Id.*

    The administrative law judge addressed Dr. Vaidya's 2009 opinion about the

difficulty in coping with stress and dealing with supervisors.  Record at p. 17.  Ultimately,

the administrative law judge assigned "[g]reat weight" to Dr. Vaidya's opinions and appeared

---

[6]      Social Security Ruling 96-2p, *Policy Interpretation Ruling Titles II and XVI: Giving Controlling Weight to Treating Source Medical Opinions*, 1996 WL 374188, Westlaw op. at 2 (July 2, 1996).

to credit Dr. Vaidya's conclusion that Mr. Hale could only perform "simple routine activity." *Id.* at pp. 16, 19.

But the decision does not say why the judge rejected the doctor's opinion that Mr. Hale would encounter difficulty in dealing with work stress and criticism from supervisors. *See supra* pp. 2-3, 6.  The administrative law judge presumably did not believe that this portion of Dr. Vaidya's opinion was entitled to "controlling weight," as the limitation did not appear in the findings on residual functional capacity.  *See* Record at p. 16.  If the judge had intended to deny controlling weight to the opinion, he would have had a further duty to state how much weight it should be given and to explain this assignment of weight.  *See supra* pp. 6-7.  The judge did not comply with this requirement or the Appeals Council's instructions, as he failed to discuss a number of conflicts between his RFC findings and Dr. Vaidya's opinions.  *See supra* p. 6-7 (discussing the duty to assess a treating physician's opinions).

### Error in the Administrative Law Judge's Consideration of Dr. Vaidya's 2010 Mental Health Assessment

The administrative law judge also erred in his evaluation of Dr. Vaidya's 2010 mental health assessment.  In that assessment, Dr. Vaidya opined that Mr. Hale was moderately limited in his ability to:

- "remember locations and work-like procedures,"

- "understand and remember detailed instructions,"

- "carry out detailed instructions,"

- "maintain attention and concentration for extended periods,"

- "sustain an ordinary routine without special supervision,"

- "work in coordination with or proximity to others without being distracted by them,"

- "complete a normal work-day and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods,"

- "interact appropriately with the general public,"

- "ask simple questions or request assistance,"

- "accept instructions and respond appropriately to criticism from supervisors,"

- "get along with coworkers or peers without distracting them or exhibiting behavior extremes,"

- "respond appropriately to changes in the work setting,"

- "travel in unfamiliar places or use public transportation," and

- "set realistic goals or make plans independently of others."

Record at pp. 549-50; *see supra* p. 5.  Dr. Vaidya also opined that the Plaintiff had a "marked" limitation in his ability to "perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances."  Record at p. 550; *see supra* p. 5.

The administrative law judge acknowledged and summarized Dr. Vaidya's 2010 opinions.  Record at p. 18.  Ultimately, the judge accorded Dr. Vaidya's 2010 opinions "[g]reat weight" and stated that they had resembled the assessment by a non-examining agency physician, who had found "primarily moderate mental limitation[s]."  *Id.* at p. 19.

9

With this analysis, the judge limited Mr. Hale to "simple routine activity under normal supervision." *Id.* at p. 16.

Although the judge discussed some of Dr. Vaidya's opinions, the Court cannot tell from the written decision how the administrative law judge had reached his assessment of residual functional capacity in light of the doctor's assessment of multiple moderate limitations.  The judge discussed Dr. Vaidya's opinions that Mr. Hale was not significantly limited in his abilities to understand, remember, and carry out short and simple instructions. *Id.* at p. 18; *see id.* at p. 549.  These opinions are reflected in the judge's assessment of residual functional capacity, which limited Mr. Hale to "simple routine activity." *Id.* at p. 16.  But the judge was silent on the fifteen abilities that Dr. Vaidya had regarded as moderately or markedly limited:

- "remember locations and work-like procedures,"

- "understand and remember detailed instructions,"

- "carry out detailed instructions,"

- "maintain attention and concentration for extended periods,"

- "sustain an ordinary routine without special supervision,"

- "work in coordination with or proximity to others without being distracted by them,"

- "complete a normal work-day and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods,"

- "interact appropriately with the general public,"

- "ask simple questions or request assistance,"

- "accept instructions and respond appropriately to criticism from supervisors,"

- "get along with coworkers or peers without distracting them or exhibiting behavior extremes,"

- "respond appropriately to changes in the work setting,"

- "travel in unfamiliar places or use public transportation,"

- "set realistic goals or make plans independently of others," and

- "perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances."

*Id.* at pp. 549-50. Although the judge ambiguously acknowledged the limitations,[7] he did not account for them in his findings on residual functional capacity.

A similar issue arose in *Haga v. Astrue*, 482 F.3d 1205 (10th Cir. 2007). There an examining doctor assessed the mental RFC and concluded that the claimant had several moderate limitations. *See Haga v. Astrue*, 482 F.3d at 1207. The administrative law judge's assessment reflected some of the limitations, but not others. *See id.* at 1207-1208. As a result, the Tenth Circuit Court of Appeals concluded "that the [administrative law judge]

---

[7]   *See* Record at pp. 18-19.

should have explained why he [had] rejected four of the moderate restrictions on [the physician's] RFC assessment." *Id.* at 1208 (citation omitted).

Under *Haga v. Astrue*, the administrative law judge had an obligation to explain his presumed disagreement with Dr. Vaidya in the areas in which she had assessed moderate or marked limitations. *See id.*; *see also Frantz v. Astrue*, 509 F.3d 1299, 1302-1303 (10th Cir. 2007).[8]

The Commissioner attempts to justify the omission of these limitations by ignoring fifteen of the limitations articulated by Dr. Vaidya and stating that she had identified only two cognizable limitations in the RFC:  One for a limitation to simple tasks and another involving difficulty with personal interaction.    According to the Defendant, the administrative law judge explained his reasons for rejecting the stated limitation about personal interaction.  This argument should be rejected for two reasons.

First, as discussed above, the administrative law judge had an affirmative duty to discuss the various moderate limitations set forth in Dr. Vaidya's 2010 mental health assessment. *See supra* pp. 11-12.  The Defendant appears to discount all of them on grounds that they did not relate to Dr. Vaidya's actual assessment of residual functional capacity.  For

_____

[8]    In *Frantz v. Astrue*, 509 F.3d 1299 (10th Cir. 2007), the administrative law judge assessed a mental RFC and included two moderate limitations that were consistent with the treating physician's mental RFC assessment.  *See Frantz v. Astrue*, 509 F.3d 1299, 1302-1303 (10th Cir. 2007).  However, without any discussion, the administrative law judge failed to include the physician's other moderate limitations.  *See id.*  Citing *Haga v. Astrue*, 482 F.3d 1205 (10th Cir. 2007), the Tenth Circuit Court of Appeals held that the lack of explanation constituted  reversible error.  *See id.* at 1303.

example, the Defendant acknowledges that the judge failed to discuss Dr. Vaidya's opinion about the inability to keep a schedule, but downplays the omission on the basis that it was "not mentioned in Dr. Vaidya's actual RFC assessment."   Brief in Support of the Commissioner's Decision at p. 11 (Dec. 7, 2011).   The Defendant's conception of Dr. Vaidya's "actual RFC assessment" is misguided.

Dr. Vaidya did not assess Mr. Hale's RFC.  The RFC was "the most [Mr. Hale could] still do despite [his] limitations." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1) (2010).  Rather than opine on the most Mr. Hale could do, Dr. Vaidya assessed work-related limitations.  The work-related limitations would obviously affect the RFC, but they involved distinct concepts.[9]

The Defendant's distinction among the limitations discussed by Dr. Vaidya incorrectly assumes that only some involved RFC and that they were the only ones worthy of discussion. All of the doctor's opinions involved work-related limitations, and all would "impact the

_____

[9]      In explaining the difference between a treating source's opinion about work-related limitations and the administrative law judge's RFC findings, the Tenth Circuit Court of Appeals explained:

> Dr. Lambert [the treating physician] did not give any opinion on RFC.  She found specific work-related functional limitations, and then the ALJ determined the consequences of those medical findings for purposes of RFC, i.e., that with those limitations, Mr. Krauser [the claimant] would not be able to perform sedentary work. That is precisely how the inquiry should proceed, with the treating physician performing her medical role and the ALJ left to his role as adjudicator.  Of course the medical findings as to work-related limitations would, if accepted, impact the ALJ's determination of RFC — they always do, because that is what they are for — but that does not make the medical findings an impermissible opinion on RFC itself.

*Krauser v. Astrue*, 638 F.3d 1324, 1332 (10th Cir. 2011).

ALJ's determination of RFC." *Supra* note 9 (quoting *Krauser v. Astrue*, 638 F.3d 1324, 1332 (10th Cir. 2011)).  Indeed, in both forms, Dr. Vaidya was asked to rate the degree of limitation in "the context of [Mr. Hale's] capacity to sustain that activity over a normal workday and workweek, on an ongoing basis." *Id.*  The Defendant does not explain why he thinks the administrative law judge could disregard medical opinions about moderate or marked limitations in fifteen categories over a normal work-day or workweek.

The Defendant is also mistaken when he attempts to justify the omission regarding personal interaction.  In his brief, the Defendant argues:

> The [administrative law judge] obviously adopted Dr. Vaidya's first limitation [limitation to simple tasks].  Just as plainly, the [administrative law judge] did not credit Dr. Vaidya's second proposed restriction [difficulty in personal interaction].  The [administrative law judge] was not silent on this score, however: he provided a narrative discussion justifying his finding that Plaintiff's RFC did not require social limitations.  He began by noting that, on November 6, 2008, Plaintiff was observed "to have good interpersonal skills and an affect that was primarily appropriate."  He also observed that Dr. Vaidya's April 2010 summary conclusions form indicated that Plaintiff was able to "maintain socially appropriate behavior" without limitation.  The November 2008 Edwin Fair assessment, and the tension between Dr. Vaidya's summary conclusion response and her ultimate RFC opinion, provided a valid basis for the [administrative law judge] to decline to incorporate the limitation in his RFC assessment.

Brief in Support of the Commissioner's Decision at p. 11 (Dec. 7, 2011) (citations omitted).

The Defendant presents reasons that the administrative law judge could have had to reject Dr. Vaidya's opinion about the ability to engage in personal interaction.  But, the judge never said that he disagreed with this part of Dr. Vaidya's opinion.  Instead, as noted above, the judge stated that he was giving "[g]reat weight" to Dr. Vaidya's assessment of Mr. Hale's

mental RFC.  Record at p. 19; *see supra* p. 9.[10]  The Defendant's *post-hoc* rationale cannot salvage the administrative law judge's omission of any reference to Dr. Vaidya's opinion about limitations in Mr. Hale's ability to interact.[11]

### C.    Summary

In summary, the administrative law judge erred in his treatment of Dr. Vaidya's 2009 opinions by failing to comply with instructions by the Appeals Council and to explain the apparent discrepancies with the eventual administrative findings.  The judge also erred in his consideration of Dr. Vaidya's 2010 opinions by failing to discuss fifteen of the physician's findings on moderate and marked limitations.  These errors require reversal.

## IV.    THE APPROPRIATE REMEDY

The existence of reversible error requires the Court to determine the appropriate remedy on remand.  Rather than simply remand for a third set of findings, however, the Court should order the agency to award benefits.

---

[10]    The administrative law judge also said that he was giving "[s]ignificant weight" to the mental assessments by the agency doctors.  Record at p. 19.  One of the agency doctors, Carolyn Goodrich, Ph.D., assessed a "marked" limitation in Mr. Hale's ability to interact appropriately with the general public.  *Id*. at p. 382.  The judge never said why he was rejecting Dr. Goodrich's assessment of this marked limitation.

[11]    *See Haga v. Astrue*, 482 F.3d 1205, 1207-1208 (10th Cir. 2007) ("[T]his court may not create or adopt post-hoc rationalizations to support the [administrative law judge's] decision that are not apparent from the [judge's] decision itself." (citations omitted)); *Allen v. Barnhart*, 357 F.3d 1140, 1142 (10th Cir. 2004) ("Affirming this post hoc effort to salvage the [administrative law judge's] decision would require us to overstep our institutional role and usurp essential functions committed in the first instance to the administrative process.").

The Social Security Administration has already conducted three hearings, the administrative law judge has issued two written decisions, and the Appeals Council has reviewed the matter two times.  Record at pp. 1-4, 12-20, 26-49, 61-112, 124-31, 135-37; *see supra* p. 1.  Still, there has been no valid decision on the Plaintiff's six-year-old applications for benefits.  "The [Social Security Administration] is not entitled to adjudicate a case '*ad infinitum* until it correctly applies the proper legal standard and gathers evidence to support its conclusion.'"  *Sisco v. United States Department of Health and Human Services*, 10 F.3d 739, 746 (10th Cir. 1993) (citation omitted).

The Court is not the fact-finder — the administrative law judge is.  But, the agency bears the burden of proof on the dispositive issue, Mr. Hale's ability to perform substantial gainful activity.  *See Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993).  Despite a remand designed to require further consideration of Dr. Vaidya's multitude of opinions, the administrative law judge continued to disregard many of them without any explanation.  *See supra* pp. 5-15.  Indeed, as discussed above, the administrative law judge seemed to believe that he was giving "[g]reat weight" to Dr. Vaidya's opinions.  Record at p. 19; *see supra* pp. 7-9, 14-15.

The resulting issue is what the outcome would have been if the administrative law judge had fulfilled his duty to assign a weight to Dr. Vaidya's various opinions and to explain that assignment of weight.  There were generally two possibilities: The judge could have credited the opinions or rejected them.  As noted above, the judge never gave any indication that he was knowingly rejecting a single of the fifteen moderate or marked

limitations assessed by Dr. Vaidya.  If the judge had credited the psychiatrist's assessment, the resulting question would have been whether the stated limitations would have prevented Mr. Hale from performing substantial gainful activity.

The only evidence on this issue was the vocational expert's testimony.  He was asked whether someone could perform any work with the limitations expressed in Dr. Vaidya's 2010 report.  Record at p. 46.  The expert answered that there would be no such work.  *Id.* When asked why, the expert explained that someone could not work with a marked limitation in the ability to maintain a schedule with regular, punctual attendance.[12]  There was no vocational evidence to the contrary.

With this testimony and nothing to the contrary, the Court has no evidence to infer an ability to perform substantial gainful activity with Dr. Vaidya's stated limitations.[13]  The agency has already remanded once to obtain an explanation by the administrative law judge regarding Dr. Vaidya's multitude of opinions about the limitations in Mr. Hale's mental abilities.  A second remand for the same purpose would contribute even greater delay to Mr. Hale's wait of over six years to obtain a legally supportable determination about how the

---

[12]     Record at pp. 46-47; *see id.* at p. 549 (Dr. Vaidya's assessment of a marked limitation in the ability to perform activities within a schedule, maintain regular attendance, and be punctual).

[13]     *See*, *e.g.*, *Stewart v. Shalala*, 999 F.2d 548, 1993 WL 261958, Westlaw op. at 3-4 (10th Cir. June 28, 1993) (unpublished op.) (reversing and remanding for an award of benefits because the existing record supported the claim and the Secretary of Health and Human Services had failed to prove that the plaintiff had the RFC for sedentary work).

agency had satisfied its burden of proof regarding an ability to work.[14]   In these circumstances, the Court should order an award of benefits rather than await a fourth hearing and third set of findings by the agency.

## V.    RECOMMENDED RULING

The administrative law judge committed legal error in the consideration of Dr. Vaidya's opinion.  For that error, the Court should order reversal and remand for an award of benefits.

## VI.    NOTICE OF THE RIGHT TO OBJECT

Any party may file written objections with the Clerk of the United States District Court.  *See* 28 U.S.C.A. § 636(b)(1) (2011 supp.).  The deadline for objections is August 10, 2012.  *See* Fed. R. Civ. P. 6(d), 72(b)(2).  The failure to file timely objections would result in waiver of the right to appeal the suggested ruling.  *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

## VII.    STATUS OF THE REFERRAL

The referral is discharged.

Entered this 24th day of July, 2012.


_Robert E. Bacharach_

Robert E. Bacharach
United States Magistrate Judge

---

[14]     *See Nielson v. Sullivan*, 992 F.2d 1118, 1122 (10th Cir. 1993) (award directed when the claim was pending over four years); *Frey v. Bowen*, 816 F.2d 508, 518 (10th Cir. 1987) (award directed when more than six years had passed since the claimant's application for disability benefits).